# Supreme Court of Florida

_____

No. SC22-607

_____

**IN RE: AMENDMENTS TO RULE REGULATING THE FLORIDA BAR 4-5.4.**

June 2, 2022

PER CURIAM.

The Court, on its own motion, amends Rule Regulating The Florida Bar 4-5.4 (Professional Independence of a Lawyer). We have jurisdiction. *See* art. V, § 15, Fla. Const.; R. Regulating Fla. Bar 1-12.1.

In June 2021, the Special Committee to Improve the Delivery of Legal Services submitted a final report recommending changes to the Rules Regulating The Florida Bar to facilitate greater access to legal services in Florida. Among the changes recommended by the Special Committee were amendments to rule 4-5.4 "to permit not-for-profit legal service providers to organize as a corporation and to permit nonlawyers to serve on [a] not-for-profit legal service provider's board of directors." *Final Report of the Special Comm. to*

*Improve the Delivery of Legal Servs.* 9-10 (2021) (on file with Clerk, Fla. Sup. Ct.). Consistent with the Special Committee's recommendation, we amend rule 4-5.4 to include new subdivision (f) (Nonlawyer Governance of Not-for-Profit Authorized Business Entity). The new subdivision recognizes the existing charitable corporate structure of many not-for-profit legal service providers and expressly authorizes the service of nonlawyers on the board of directors for such providers. It also identifies certain professional obligations of lawyers who either operate or are in the employ of not-for-profit legal service providers.

Accordingly, Rule Regulating The Florida Bar 4-5.4 is amended as reflected in the appendix to this opinion. Deletions are indicated by struck-through type, and new language is indicated by underscoring. The amendments become effective on August 1, 2022, at 12:01 A.M. Because the amendments were not published for comment previously, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[1]

---

1. All comments must be filed with the Court on or before August 16, 2022, as well as a separate request for oral argument if

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules Regulating The Florida Bar

---

the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**Appendix**

**RULE 4-5.4.    PROFESSIONAL INDEPENDENCE OF A LAWYER**

**(a)-(e)**  [No Change]

**(f)  Nonlawyer Governance of Not-for-Profit Authorized Business Entity.**

(1)  *Generally.* A lawyer may practice with a not-for-profit business entity authorized to practice law.

(2)  *Definition of Not-for-Profit Business Entity.* A not-for-profit business entity is an organization providing pro and low bono legal services operating as a tax-exempt public charity authorized by section 501(c)(3) of the Internal Revenue Code with the purpose of providing legal services to clients within 400% of the federal poverty level as defined by the United States Code of Federal Regulations.  The lawyer's compensation by the not-for-profit business entity cannot be tied, directly or indirectly, to the client's ability to pay.

(3)  *Form of authorized business entity.* For purposes of this rule and applicable to not-for-profit business entities only, the business entity may be formed as a corporation and a nonlawyer may be a member of the board of directors of the authorized business entity.  However, a nonlawyer board member does not have the right to direct or control the professional judgment of a lawyer working with the not-for-profit business entity.

(4)  *Obligations of Authorized Business Entity.* The not-for-profit business entity must:

(i)  ensure that confidential information is inaccessible to board members of the not-for-profit business entity who are not engaged in legal services representation;

(ii)  ensure that any communications which the lawyer intends to be kept protected under attorney-client privilege meet existing prerequisites for such privilege;

(iii)  inform the client that all communications within the not-for-profit business entity may not fall under attorney-client privilege; and

(iv)  ensure that all nonlawyers assisting the lawyer in providing legal services abide by the ethical standards governing the lawyer.

## Comment

The provisions of this rule express traditional limitations on sharing fees.  These limitations are to protect the lawyer's professional independence of judgment.  Where someone other than the client pays the lawyer's fee or salary, or recommends employment of the lawyer, that arrangement does not modify the lawyer's obligation to the client.  As stated in subdivision (d), such arrangements should not interfere with the lawyer's professional judgment.

This rule also expresses traditional limitations on permitting a third party to direct or regulate the lawyer's professional judgment in rendering legal services to another.  *See also* rule 4-1.8(f) (lawyer may accept compensation from a third party as long as there is no interference with the lawyer's independent professional judgment and the client gives informed consent).

The prohibition against sharing legal fees with nonlawyer employees is not intended to prohibit profit-sharing arrangements that are part of a qualified pension, profit-sharing, or retirement plan.  Compensation plans, as opposed to retirement plans, may not be based on legal fees.

Subdivision (f) provides that if the law firm or authorized business entity is a not-for-profit entity, the entity may practice law in the form of a corporation.  This creates an exception to the

authorized forms of business entities set forth in rule 4-8.6 for purposes of not-for-profit firms only.